# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>DEREK HUGHES-DOBY,<br>Defendant. | Case No. 15-MJ-281<br>ORDER FOR PRETRIAL DETENTION |

On the 28th day of September, 2015, this matter came on for hearing on the Government's request to have the Defendant detained pending further proceedings. The Government was represented by Special Assistant United States Attorney Ravi T. Narayan. The Defendant appeared personally and was represented by his attorney, Mark C. Meyer.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 14, 2015, Defendant Derek Hughes-Doby was charged by Criminal Complaint (docket number 5) with being an unlawful drug user in possession of firearms. At the hearing, Cedar Rapids Police Officer John O'Brien, who is currently assigned to the FBI Safe Streets Task Force, testified regarding the circumstances underlying the instant charge.

On September 10, 2015, Cedar Rapids police officers responded to several 911 calls of "shots fired." Upon arriving at the scene, officers were told that three male subjects had been seen running from the scene of a shooting, and then leaving the area in a white SUV. Officers found a male subject who had been shot once, and later died at the hospital. Near a pool of the victim's blood, officers found a silver slide locking pin from a .22 caliber firearm.

A white SUV being driven by Defendant was stopped nearby. The officer arriving at the scene first heard an object hitting the ground near the vehicle. Officers later found a silver .22 caliber pistol, with its slide lock pin missing.

The occupants of the vehicle were ordered out of the car. Defendant was found with a Glock magazine in his pocket. In response to questioning, Defendant told officers that the gun could be found under the seat on the driver's side. Defendant also told officers of the location of a second gun. Defendant admitted that the Glock belonged to him. Defendant and the other three men in the vehicle (co-defendants in this case) admitted that they had been shooting the Glock at a firing range earlier that day. Defendant also admitted that he had smoked marijuana one week earlier, and a urine sample was obtained for testing. The test results are not yet in.

According to the pretrial services report, Defendant is 28 years old. He was born in Chicago and lived there for most of his childhood. According to Defendant, he lived in Kentucky at a Job Corps facility, before moving to Iowa in 2007. He lived in Chicago from 2011 to 2013, and has lived in Iowa since that time. Defendant reported that for the three weeks prior to his arrest, he had been living with his girlfriend's sister. Defendant told the pretrial services officer that he could return to that residence if released. Defendant's girlfriend told the pretrial services officer, however, that Defendant had been staying at her sister's home for approximately three days prior to his arrest, and would not be able to return to that residence if released. However, Defendant's sister testified that Defendant could reside with her in Illinois if he is released.

Defendant has been unemployed since July 2015, when he was terminated from his employment for refusing to submit to drug testing. Defendant suffers shoulder pain as a result of a motorcycle accident, but is in otherwise good health. He denied any history of mental illness. Defendant admitted using marijuana "off-and-on" since age 11. Defendant claimed that he used marijuana approximately once a month and last used it about a week

prior to his arrest. Defendant told the pretrial services officer that he has been participating in outpatient substance abuse treatment for the past two weeks.

Officer O'Brien testified that in 2007, law enforcement authorities in Des Moines conducted controlled buys of marijuana from Defendant. A search warrant was obtained for Defendant's residence, and investigators found drugs, packaging, and two guns. Defendant admitted at that time that one of the guns belonged to him. Defendant claimed he had quit using marijuana one week earlier. Apparently, however, Defendant was willing to cooperate with authorities at that time, and no charges were ever filed. Defendant has only a minimal prior criminal record.

In late August 2015, officers were called to an apartment following the eviction of Treundes Howell (a co-Defendant in this case). In cleaning out the apartment, the landlord found a stolen gun. Officer O'Brien arranged to interview Treundes Howell regarding the gun on September 3. Defendant also unexpectedly appeared at the interview. Defendant told O'Brien that he had purchased the gun at a gun range In response to questioning, Defendant also stated he had stopped smoking marijuana one week earlier. (Treundes Howell admitted he is a felon and prohibited from possessing a firearm.)

Following Defendant's arrest on this charge on September 23, he gave a post-*Miranda* interview to Officer O'Brien. Defendant admitted being at the scene of the shooting death. According to Defendant, Cecil Howell (a co-Defendant) wanted to retrieve some clothes and got into an altercation with the victim. Defendant admitted going to the gun range earlier that morning, and knew that both Cecil Howell and Treundes Howell were felons. (Defendant had earlier picked up Cecil Howell when he was released from prison.)

Officer O'Brien testified that he interviewed Defendant's girlfriend on the day prior to the detention hearing was told that Defendant knew there was a warrant outstanding for his arrest. The Court takes judicial notice of the fact that Keith Moore and Treundes

3

Howell were both arrested eight days earlier and the complaint, which also charged Defendant, was made public at that time. Furthermore, Defendant's name and photograph were apparently published in the paper, on TV, and online. Nonetheless, Defendant did not surrender himself to authorities.

Officer O'Brien's investigation also revealed that Defendant purchased four firearms during the last year (including the Glock), in addition to the stolen firearm which Defendant says he purchased at a firing range. There is no evidence, however, that Defendant purchased the .22 caliber firearm which was involved in the shooting.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of

violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

5

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with being an unlawful drug user in possession of firearms. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

It appears undisputed that Defendant was in possession of a firearm, and the firearm crossed a state line. The fighting issue is whether Defendant was an unlawful drug user at that time. Defendant has admitted using marijuana both before and after the incident on September 10. Apparently, however, the test results from a urine sample taken on September 10 have not yet been returned.

Defendant is not employed, having been fired in July for refusing to provide a urine sample for drug testing. He does not have substantial ties to this community. His parents are dead, his three siblings live in Illinois, and his ex-wife and their four children all live in Illinois. Defendant does not have a stable residence, apparently having lived in at least two different locations in the past month or two.

Defendant is an active drug user and apparently has a fondness for guns. According to records obtained by Officer O'Brien, Defendant purchased four firearms in the last year, not including the stolen firearm which he claims to have purchased. Importantly, Defendant was the driver of a vehicle which drove up to a residence, three or four men exited the vehicle, a man was shot dead, and the men then reentered the vehicle and Defendant drove off. It is significant that Defendant did not surrender himself to authorities, even though it is likely he knew a warrant was outstanding for his arrest. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no

condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 28th day of September, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA